JOSEPH H. CLARK *vs.* MARSHALL MORGAN.

JULY 14, 1937.

PRESENT: Flynn, C. J., Moss, Capotosto, Baker and Condon, JJ.

CONDON, J. This is an action of assumpsit brought to recover compensation for services as a handwriting expert rendered, at the request of the defendant, in connection with two law suits which resulted in the defendant, as administrator of the estate of Thomas Dorsey, recovering the sum of $13,019.37, for the estate in said suits. The plaintiff in the present action alleged that his services as a handwriting expert were largely the cause of this recovery and that he was not paid therefor, although the defendant had promised to pay him a reasonable fee for such services.

The instant case was tried in the superior court before a justice thereof sitting with a jury, and resulted in a verdict for the plaintiff in the sum of $1344.21. The defendant thereupon duly filed a motion for a new trial which was denied by said justice. The defendant excepted to this

decision on the usual grounds, and has brought his bill of exceptions, containing this exception, together with another exception taken to a remark which was made by the trial justice in the presence of the jury during the trial, to this court.

We shall consider this latter exception first. On the cross-examination of the defendant, he was asked: Q. "You have no personal interest in this case besides that of being administrator?" A. "Yes, sir; I am sued personally." Q. "From the personal interest you are handling that case on a contingent basis, are you not?" This latter question was objected to by the defendant and a colloquy ensued between court and counsel concerning fees, but it is not entirely clear from the transcript just what fees they were discussing. In any event, at the end of the colloquy the trial justice observed: "The more that is left in the estate, the more the fee." To this remark the defendant excepted, and it is that exception we are now considering. Immediately following the noting of defendant's exception, the trial justice ruled that: "The amount of his interest may be shown to the jury. The jury has to take into consideration how much weight is to be given to Mr. Morgan's testimony." Defendant did not except to this ruling. Plaintiff's counsel then asked: Q. "It is a fact, is it not, that your compensation as attorney for the heirs and as administrator, depends in some measure upon the amount Mr. Clark recovers for his services?", and the defendant answered it without objection. The next question was: "You have an arrangement with your client, have you not, that the amount of your fees are dependent upon the recovery of this money?" The defendant objected thereto but the court allowed the question. Defendant took no exception and answered the question.

Considered in the light of these circumstances, it does not appear to us that the remark of the trial justice was prejudicial to the defendant. It seems to us careless, but harmless, comment. The import of what the trial justice said

as distinguished from the fact of his making the statement, does not appear to have impressed the defendant as prejudicial to his case, because he did not except to the ruling of the trial justice allowing further cross-examination along the same line.

The defendant has cited *Roy* v. *United Electric Rys. Co.,* 52 R. I. 173, 159 A. 637, in support of his exception. We adhere to the principle laid down in that case concerning the interference of the trial justice, beyond proper limits, with counsel in the course of the trial, but that case is not in point here. The conduct of the justice in that case is so utterly lacking in similarity to that in the instant case that no comment is necessary. Defendant's first exception must, therefore, be overruled.

Defendant contends, under his second exception, that the trial justice erred in denying his motion for a new trial, on the grounds that the damages awarded by the jury are unreasonable and excessive, and that the trial was not fair and impartial. There is no merit in the second of these contentions. It does not appear from our examination of the transcript that the conduct of the trial justice was such as to justify the contention that he was not fair and impartial, or that he gave any reason for the jury to believe that he favored the plaintiff to the disadvantage of the defendant.

The first contention, with reference to the unreasonable and excessive nature of the damages presents a more serious question. It appears from the evidence that there was no agreement for compensation, specific in amount or at a standard rate, to be paid to the plaintiff for the rendition of services as a handwriting expert. The only understanding between the parties as to compensation was to the effect that the plaintiff would charge a reasonable fee for such services. Presumably, in accordance with this understanding, the plaintiff rendered to the defendant a bill for $1200 for his services. This was on July 1, 1935, about a month or more after the termination of the litigation in which the plaintiff had rendered the services sued upon here. Upon

receiving no response from the defendant to this bill, the plaintiff called up the defendant around the first of August and was informed by the defendant that he had not had a chance to look after it, but that he would take the matter up with his brother, who was associated with him. A day or two after that conversation, defendant's brother talked to the plaintiff about plaintiff's fee and later, in a letter, stated what he thought was a fair fee for the plaintiff's services. The upshot of that conversation was that the plaintiff agreed to accept $1000 if paid promptly, and to receipt the bill for $1200. He accordingly sent defendant two bills, one for $750 for the services rendered in the litigation in Rhode Island and the other for $250 for the services in the litigation in Massachusetts. The defendant, however, continued to claim that the fee was exorbitant. Thereupon the plaintiff brought the present action, claiming $1500 as the reasonable value of his services to the defendant.

The only evidence of the reasonableness of this amount came from the plaintiff and he testified merely that: "For the time expended and the labor performed, the amount involved and the successful termination of the case, I think $1500.00 would be a fair charge." He offered no explanation as to why he sent a bill for only $1200 on July 1, 1935 at the conclusion of the litigation in which his services were rendered, although he did explain why he later sent the two bills totalling $1000 to the defendant. In the absence of any testimony for the defendant, the jury were left with only the testimony of the plaintiff, from which to determine what was a reasonable fee for his services.

The jury returned a verdict for the plaintiff for $1344.21, which included interest. In response to a request for special findings, the jury found the reasonable value of the services rendered in the Rhode Island litigation to be $1086.09, and those rendered in Massachusetts $258.12. This verdict bears no real relation to the testimony in the case. The jury accepted neither the testimony of the plain-

tiff that $1500 would be a fair charge, nor the figure of $1200, as charged by the plaintiff in his first bill. The amount of the verdict also failed to reflect a finding based upon the plaintiff's evidence of his bill for $750 and his bill for $250, totalling $1000 in the aggregate.

There is other testimony in the case that the plaintiff's customary charge for work of this kind in court was at the rate of $100 a day, and that sometimes on special cases it was more. Also the plaintiff testified that he had, on some occasions, testified for a fee as low as $25.00, and he admitted that in an ordinary case, where he was not required to be in court after 12:30 p.m., he had usually charged $50 a day.

In his bill of particulars, the plaintiff states that he kept no accurate record of time spent on the work he did for the defendant but estimates that in the Rhode Island litigation he was engaged from fifty to sixty hours, and in that in Massachusetts twenty-five to thirty hours. He states also that about eight hours of the time expended on the Rhode Island litigation was spent in court. It is clear then from these statements and from the testimony of the plaintiff at the trial, both as to the reasonable value of his services and as to his usual or customary charges for such services in court, that the verdict of the jury is an arbitrary finding not based on the evidence and cannot be sustained.

On this view of the evidence, we are of the opinion that the decision of the trial justice denying defendant's motion for a new trial is clearly erroneous. It appears from the rescript of the trial justice that he did not independently consider the verdict of the jury and carefully weigh the evidence as to damages, in the balance of his more accurate legal judgment, but apparently accepted without question the findings of the jury, because, as he said: "This court feels that when a professional man sues for services and a jury of laymen fixes the value, the finding is not very often if ever excessive." Whether this be true generally or not, it is the duty of the trial justice, in this class of cases as in all others, to exercise the power to grant new trials, and to

grant them whenever his superior or more comprehensive judgment teaches him that the verdict fails to respond to the real merits of the controversy. *Wilcox* v. *Rhode Island Co.*, 29 R. I. 292.

We think there is some evidence in the case which might reasonably furnish the basis for a finding of damages that would do substantial justice between the parties. Taking plaintiff's testimony in connection with this statement in his bill of particulars that he was engaged in work for the defendant on eighteen days and that the time aggregated a maximum of ninety hours, we feel that, if for two days in court in Rhode Island and for one day waiting upon court in Boston, Massachusetts, the plaintiff is allowed a charge of $100 per day, which was the maximum charge in ordinary cases, according to his testimony, and that, if for the remaining fifteen days he is allowed a charge of twenty-five dollars per day for a day of five hours, for work performed in the office and in preparation of his testimony in court, he will be fairly and reasonably compensated. The total of this computation, to which interest may be added from the date of the writ, is $675.00. For standard of comparison, by which to judge the reasonableness of a fee for professional services performed in a professional person's office in connection with or in preparation for litigation in an ordinary case, see *Page* v. *Avila*, 55 R. I. 52.

The defendant's second exception is sustained, and the case is remitted to the superior court for a new trial, unless on or before July 21, 1937, the plaintiff shall file in the office of the clerk of the superior court a remittitur of all of the verdict in excess of $675.00. If such remittitur shall be filed as aforesaid, the superior court is directed to enter judgment for the plaintiff for $675, with interest from the date of the writ.

*McLyman & Day, Edward W. Day*, for plaintiff.

*Morgan & Morgan*, for defendant.